889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William G. BUCKALOO, Plaintiff-Appellee,
v.
Jerry M. PRESSLEY, Defendant-Appellant.
 No. 89-5116.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1989.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges, and EDWARD H. JOHNSTONE, Chief District Judge.*
 
 ORDER
 
 2
 Defendant, Jerry M. Pressley, a pro se Tennessee resident, appeals the district court's order entering judgment for the plaintiff in this diversity action filed pursuant to 28 U.S.C. Sec. 1332. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1985 Buckaloo, a California resident, filed this diversity action for personal injuries and property damage arising from the sale and subsequent crash of a Republic Sea Bee RC-3 airplane. Buckaloo alleged that Pressley sold him the plane knowing it was unsafe and not in airworthy condition; he sought 1.5 million dollars in damages. After an answer was filed, the district court allowed defense counsel to withdraw. The case was thereafter inactive for nearly a year due to Pressley's filing of a voluntary petition for bankruptcy in the Bankruptcy Court for the District of South Carolina where he sought to discharge Buckaloo's personal injury claim. Buckaloo filed a complaint objecting to dischargeability of the debt. Thereafter, the bankruptcy court entered an order of default after Pressley failed to answer the complaint. The court affirmed that Buckaloo's claim was non-dischargeable. Pressley later voluntarily dismissed his bankruptcy petition.
 
 
 4
 Once the bankruptcy proceedings were concluded, the district court proceedings were reactivated. After, Pressley had disobeyed several court orders, Buckaloo filed a motion for partial summary judgment on the issue of liability arguing that the bankruptcy court's finding of non-dischargeability was res judicata on the issue of liability because under 11 U.S.C. Sec. 523(a)(6) such a finding required a determination that Pressley wilfully and maliciously caused Buckaloo's injury. Buckaloo also moved for sanctions under Fed.R.Civ.P. 16(f) for Pressley's failure to obey several court orders. After a hearing was held, which Pressley did not attend, the court entered an order pursuant to Fed.R.Civ.P. 16(f), 36 and 37 granting Buckaloo's motion for partial summary judgment. The motion was granted sanctioning Pressley for: 1) his non-compliance with the court's March 26, 1987 order directing him to notify the Clerk of Court in writing as to whether he would be proceeding pro se or whether he had obtained additional counsel; 2) his failure to respond to Buckaloo's request for admissions; 3) his failure to attend the depositions of hospital personnel; 4) his failure to appear at his own deposition; 5) his failure to respond timely to Buckaloo's motion for partial summary judgment; and 6) his failure to advise the court of a current mailing address so copies of pleadings could be served upon him. Thereafter, another hearing was held on the issue of damages. Pressley appeared and was given the opportunity to cross-examine Buckaloo's witness. The court ultimately entered final judgment awarding Buckaloo $120,000 in damages and awarded Buckaloo's counsel $880 in attorney's fees after receiving counsel's affidavit.
 
 
 5
 On appeal, Pressley argues that he should have been given the opportunity to contest the issue of liability because the clerk's office did not keep him informed of the progression of the case even though he gave them his current address in May of 1988. Pressley also requests: 1) that he be granted the appointment of counsel; 2) that the depositions which he did not attend not be used against him in any future proceedings; and 3) that he be provided with the tape of his conversation with Richard Trulson, the airplane maintenance person who had tape-recorded a conversation with Pressley where Pressley admitted that he had fraudulently signed Trulson's name on the certificate of airworthiness.
 
 
 6
 Upon review, we affirm the district court's judgment. The record reveals that Pressley did not appear at his two scheduled depositions, nor did he appear at the Trulson deposition or the depositions of the hospital personnel who treated Buckaloo after the crash. Moreover, Pressley never complied with the court's December 31, 1986 order directing him to inform the clerk in writing whether he would be proceeding pro se or whether he had secured additional counsel even after being given three extensions of time in which to do so and after being warned on two occasions that failure to do so would result in the imposition of sanctions, including default judgment. Pressley never responded to Buckaloo's request for admissions, nor did he respond to Buckaloo's motion for partial summary judgment. Pressley did not attend the December 5, 1988 hearing on the issue of liability; and he moved without advising the court of a forwarding address.
 
 
 7
 The district court did not abuse its discretion in awarding Buckaloo partial summary judgment on the issue of liability as a sanction for Pressley's failure to cooperate throughout the course of these proceedings. Buckaloo was definitely prejudiced by Pressley's non-appearance at his own deposition and at the Trulson deposition given that the critical inquiry in this case was whether Pressley sold Buckaloo the plane knowing that it was not in airworthy condition. And plaintiff was certainly prejudiced by his inability to contact Pressley after he moved and left no forwarding address. Pressley was warned on two separate occasions, on December 31, 1986 and March 13, 1987, that failure to cooperate could result in the imposition of sanctions, including default judgment. Moreover, monetary sanctions were not a realistic alternative given that Pressley had previously filed for bankruptcy. Finally, the record simply does not support Pressley's allegation that the clerk's office did not keep him informed of the progression of the case even though he advised the clerk of his address in May of 1988. The district court's docket sheet reveals that there was no activity in the case in May of 1988 and in fact, there was a lapse in activity from February 25, 1988 (notice of Trulson deposition) through October 28, 1988 (when Buckaloo filed his motion for partial summary judgment). Moreover, the court noted in its December 7, 1988, order granting partial summary judgment, that Pressley had not advised the court of a recent forwarding address. In fact, Pressley's current address did not appear until the court's December 9, 1988, order entering final judgment.
 
 
 8
 Pressley was given ample opportunity to defend this action, but instead he engaged in a course of conduct designed to delay the proceedings. Under these circumstances, we affirm the district court's entry of partial summary judgment for plaintiff as a sanction for Pressley's dilatory practices. See Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir.1988); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154-55 (6th Cir.1988).
 
 
 9
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. All other relief requested is hereby denied as moot.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation